May 30, 1979

## 79-40    MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL, DEPARTMENT OF COMMERCE

### Loans—Department of Commerce—Guarantee of Payment of Interest—42 U.S.C. § 3142

This is in response to your request of May 3, for our opinion on an aspect of the authority granted to the Secretary of Commerce by § 202 of the Public Works and Economic Development Act of 1965 (PWEDA), as amended, 42 U.S.C. § 3142, to issue 90 percent guarantees of payment of fixed asset and working capital loans made to private borrowers by private lending institutions. In particular, you asked whether the respective authorizing provisions of the statute, 42 U.S.C. § 3142(a)(1)(C) and § 3142(a)(3)(B), which speak only of the guarantees of "loans," permit the Secretary to include payment of interest on the loans within his assurances.

As you noted in the opinion that accompanied your letter, the Attorney General in 1971 concluded that the Export-Import Bank, which is explicitly given the power by § 2(a) of its enabling indebtedness, but not interest thereon, has the power to guarantee such interest despite the omission. 42 Op. A.G. 429, at 430–431 (1971). In reaching that result the Attorney General relied on *New Orleans* v. *Clark*, 95 U.S. 644, 651–652 (1877), where it was held that a contractual guarantee of certain bonds which did not by its terms extend to the interest on the bonds embraced both the principal and interest nonetheless. The Court was categorical in its explanation:

> The payment of bonds, without other designation, always implies a payment of the principal sum and its incident; and a guaranty in similar terms covers both. [*Id.*, at 651.]

In the absence of anything in PWEDA to the contrary, we view this statement as dispositive of the question you have posed.

It might be added that an earlier Attorney General's opinion, 42 Op. A.G. 417, at 418–419 (1969), dealt with two statutory provisions, 7 U.S.C.

§ 1928 and 42 U.S.C. § 1487(d), which give the Farmers Home Administration (FHA) the authority to ensure certain loans. Although 7 U.S.C. § 1928 simply authorizes the insurance of "loans," the other statute authorizes insurance of "the payment of principal and interest on loans." No doubt because the point was not in issue, the Attorney General assumed without discussion that FHA could properly ensure the payment of interest on the loans under the former law as well as the latter, with the result that its commitments to pay interest under both, like those to pay principal, are backed by the full faith and credit of the United States. This correct assumption, it seems fair to say, simply reflected the well understood, indeed almost axiomatic, principle expressed in the quotation from *New Orleans* v. *Clark*.

In short, we share your view that the Secretary of Commerce has the power to guarantee not only 90 percent of the principal of fixed asset and working capital loans made by private lending institutions under the provisions of PWEDA but also 90 percent of the interest payable on such loans.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*